IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Troy Bolden, ) | |
| ) | Civil Action No.8:07-1595-CMC-BHH |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Warden FCI-EStill, ) | |
| ) | |
| Respondent. ) | |

The petitioner, a federal prisoner, originally brought this habeas action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] However, in an order filed contemporaneously with this report, the undersigned determined this action is more properly construed as a habeas action pursuant to 28 U.S.C. § 2241. This matter is before the court on the respondent's motion to dismiss. (Docket entry # 18.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this action on June 11, 2007. On September 6, 2007, the respondent moved to dismiss the action. By order filed September 7, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On November 9, the petitioner filed a response opposing the respondent's motion to dismiss.

---

[1] In *Bivens*, the Supreme Court established a cause of action against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983 against state actors.

**PROCEDURAL FACTS**

The petitioner is currently a federal prisoner housed at the Federal Correctional Institution in Estill ("FCI-Estill"). On June 20, 2001, the petitioner pled guilty to first degree burglary and aggravated assault. (Compl. Ex. B. at 4.) He was sentenced by the Superior Court for the District of Columbia and ordered to pay $750.00 in court costs pursuant to the Victims of Violent Crime Compensation Act . (Compl. Ex. B at 4.)

On April 28, 2005, the petitioner refused to participate in the Inmate Financial Responsibility Program ("IFRP") at FCI-Estill as a means of paying his court costs and therefore he was placed on IFRP refusal status. (*Id.* at 5.) Consequently, among other things, he is restricted to pay limits of $5.25 per month and commissary limits of $25.00 per month. (*Id.*)[2] The petitioner claims that he has a constitutional right to use his funds for telephone calls and commissary purchases rather than to pay his court obligations.

The petitioner appealed this matter to Warden of FCI-Estill through the administrative remedy program. (Compl. at 4.) The Warden denied the petitioner's relief. (Compl. Ex. A at 4.) The petitioner appealed this decision to the Southeast Regional Office of the BOP. (*Id.* at 7). On September 20, 2006, the Southeast Regional Director also denied the petitioner his requested relief. (Id.) Finally, he appealed the matter to the National Inmate Appeals Branch (compl. at 4) and on February 20, 2007, the National Inmate Appeals Administrator affirmed that denial (compl. Ex. A. 9). The petitioner then filed this action in which he seeks a declaratory judgment stating that the "BOP's attempt to collect funds imposed by the court against me [are] illegal as the BOP is not a collection agency for the courts." (Comp. at 6.)

---

[2]*See* 28 C.F.R. § 545.11 (listing all the consequences for refusing to participate in IFRP).

2

**APPLICABLE LAW**

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130 (4th Cir. 1993). A pro se complaint must be read liberally, and such persons are not held to the strict pleading requirements otherwise required of attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106-07 (1976). When, however, it appears to the Court that the plaintiff has totally failed to state a claim which would entitle him to relief, a defendant is entitled to have his motion to dismiss granted. Fed. R. Civ. P. 12(b)(6).[3]

**DISCUSSION**

The petitioner alleges the BOP is illegally collecting the $750.00 court costs that were assessed against him. He contends that the sentencing court did not provide that the costs were due immediately. (Compl. Ex. A at 6.) Citing *United States v. Miller*, 77 F.3d 71, 77-78 (4th Cir.1996), the respondent contends that although the sentencing court may not have ordered that the fee was due immediately, the statute authorizing the fee provides that the fee is due immediately.

In *Miller*, the sentencing court in a written judgment ordered that Miller make payments toward his $3,000 fine and the fifty-dollar restitution at such times and in such amounts as the BOP and/or the Probation Office may direct. *Id*. at 74. The Fourth Circuit Court of Appeals held a district court may not delegate its authority to set the amount and timing of fine payments to the BOP or the probation officer. *Id*. at 78. The Court reasoned

---

[3]The undersigned notes that when this action was considered a *Bivens* action, the respondent also moved to dismiss the individual defendants and any constitutional claims against the United States pursuant to Rule12(b)(1), Fed. R.Civ. P., alleging lack of subject matter jurisdiction. However, now that this action has been re-docketed as a habeas action and the individual defendants terminated, this argument is no longer viable.

3

that "[t]he statutory duty imposed upon district courts to fix the terms of a fine must be read as exclusive because the imposition of a sentence, including the terms of probation or supervised release, is a core judicial function." *Id.* at 78; see also 18 U.S.C. § 3572(d).

The IFRP was enacted to assist inmates "to meet [their] legitimate financial obligations" and applies to "all inmates in federal facilities." 28 C.F.R. § 545. Recently, in *Summersett v. Baucknecht*, 496 F.Supp.2d 636, 640 (D.S.C. 2007), the court held that *"Miller* does not stand for the proposition that a prisoner's participation in the BOP's IFRP program is an abdication of the court's 'core judicial function.'" The court noted that the petitioner had already been directed to pay his fine due immediately and the sentencing court did not permit nor authorize the BOP to determine installment payments or set the timing of those payments. "Instead, the sentencing court merely permits plaintiff to pay his criminal fine, due immediately, through the BOP's financial program. . . . As such, allowing Petitioner to participate in the IFRP is not an abdication of the sentencing court's core judicial functions; the IFRP simply allows the prisoner to satisfy payment of his criminal fine through a BOP program." *Id. See also Webb v. Hamidullah*, 2006 WL 1946441 (D.S.C. 2006)(unpublished)(holding that the IFRP is not improper delegation of a judicial function; it merely provides inmates with a vehicle for ensuring payment is made). Recently, in *U.S. v. Caudle*, 2008 WL 110945 (4th Cir. 2008)(unpublished), the Fourth Circuit held that participation in the IFRP does not violate *Miller*. *Id.* at *2 (citing *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002) (holding that BOP has discretion to place inmate in IFRP when sentencing court has ordered immediate payment of court-imposed fine)(*citing McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999);*Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549-50 (9th Cir. 1998)). Thus, when the sentencing court has ordered immediate payment of a criminal fine, the BOP has discretion to place an inmate in the

4

IFRP.  *See Coleman v. Brooks*, 133 Fed. Appx. 51, 53 (4th Cir.2005)(unpublished) (*citing Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir.2002)).

Here, the petitioner contends the sentencing court did not state the fee was due immediately and therefore the BOP does not have the discretion to collect the fee through the IFRP.  It is undisputed that there was no direction in the judgment as to when the costs should be paid.  (Resp't's Mem. Supp. Mot. to Dismiss at 10.)  However, the respondent contends that the Act clearly contemplates the assessment being due immediately because the Act requires payment during the period of incarceration for those who do not pay the assessment at the time of sentencing.  The undersigned agrees.

As stated above, the petitioner was assessed a $750.00 fine pursuant to the Victims of Violent Crime Compensation Act of 1981 ("Act").  The Act requires imposition of an assessment for every person who pleads guilty or is convicted of a misdemeanor or felony charge in the District of Columbia Superior Court.  The Act states as follows:

> (a) In addition to and separate from punishment imposed, an assessment of $100 for each violation of § 50-2201.05, an assessment of between $50 and $250 for other serious traffic or misdemeanor offenses, and an assessment of between $100 and $5,000 for each felony offense shall be imposed upon each person convicted of or pleading guilty or nolo contendere to the offense in the Superior Court of the District of Columbia or any other court in which the offense is charged. The decision of the sentencing court regarding assessments is final. *If an offender is indigent at the time of sentencing and is later employed for salary, receives compensation while on probation or parole, or is incarcerated in a facility of the Department of Corrections or elsewhere and receives wages or compensation therein, the amount of assessments under this section shall be paid from such salary, wages, or other compensation.*
>
> (b) The probation office of the Court shall monitor collection of assessments levied against Defendants released on probation. The Department of Corrections shall monitor collection of assessments levied against incarcerated Defendants. The District of Columbia Board of Parole shall consider satisfaction of assessments under this section when determining release of inmates eligible for parole. If an inmate is released on parole prior to satisfaction of an assessment, the District of Columbia Board of Parole shall monitor collection of the balance due.

5

> (c) Assessments under this chapter shall be collected as fines. Failure to pay assessments as ordered by the Court will subject a defendant so ordered to sanctions provided pursuant to § 16-706.

D.C. St. §4-516 (emphasis added).

Clearly, under the Act, an assessment is due immediately as the Act looks at a defendant's financial situation *at the time of sentencing* and sates that if a defendant is indigent and later is paid a salary while on parole, probation, or in prison, the fee shall be paid from such salary. While the sentencing judge did not specifically state when the fee was due, pursuant to the Act, the fee was due immediately. *Figueroa v. Crabtree*, 162 F.3d 548, 549-50 (9th Cir.1998) (holding that restitution statute did not bar BOP from diverting part of prisoner's wages to pay court-ordered fine where delegation of duty to establish payment schedule was not express and fine was therefore due immediately under relevant statute). Accordingly, the BOP is properly using the IFRP as an avenue to collect the petitioner's court costs. *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir.2002) (holding that BOP has discretion to place inmate in IFRP when sentencing court has ordered immediate payment of court-imposed fine; *see also* 28 C.F.R. § 545.11 (2004) (requiring inmates to make payments towards court-ordered obligations, including fines).

Furthermore, to the extent that the petitioner is claiming that his due process rights are violated because he loses privileges if he refuses to participate in the IFRP, his claim also fails. Compelled participation in the IFRP is neither punitive in nature nor violates due process because it is reasonably related to the legitimate government objective of rehabilitation. *Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2d Cir.1990). The Circuit Courts which have addressed this issue have uniformly upheld the IFRP against constitutional attack on due process grounds. *Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2001); *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999); *James v. Quinlan*,

866 F.2d 627, 629 (3rd Cir. 1989); *Dorman v. Thornburgh*, 955 F.2d 57, 58-59 (D.C.Cir.1992). *See also Webb v. Hamidullah*, 2006 WL 1946441 (D.S.C. 2006).

The petitioner was sentenced for his crimes and assessed court costs. Whether or not he participates in the IFRP program, he must still pay this fine which was due immediately. The IFRP exists only as a means to achieve compliance with the court's directive. As discussed above, a court does not abdicate its core judicial function to the BOP when a prisoner participates in the IFRP and the imposition of consequences for the refusal to participate in the IFRP does not violate an inmate's due process rights, therefore, the petitioner has not stated a cognizable habeas claim.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the respondent's Motion to Dismiss be GRANTED and this action be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                        s/Bruce Howe Hendricks
                                        United States Magistrate Judge

February 28, 2008
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).