IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Troy Bolden, ) | C/A NO.  8:07-1595-CMC-BHH |
| ) | |
| Petitioner, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Warden, FCI – Estill, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* petition for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2241.[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On February 28, 2008, the Magistrate Judge issued a Report recommending that Respondent's motion to dismiss be granted and this petition dismissed with prejudice.  The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Petitioner has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

---

[1] When the petition was originally filed, it was construed by the Clerk to be a complaint filed in this court pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  On February 28, 2008, Magistrate Judge Bruce Howe Hendricks determined that this matter was more correctly construed as a petition for habeas corpus relief, filed in this court pursuant to 28 U.S.C. § 2241, and directed the Clerk to change the nature of suit and cause of action on the docket of this matter.

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Respondent's motion to dismiss is granted and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 1, 2008